## PENNSYLVANIA *v.* NEW YORK ET AL.

No. 40, Orig. Decided June 19, 1972—
Decree entered June 19, 1972

## DECREE

It is now Ordered, Adjudged, and Decreed as follows:

1. Each item of property in question in this case as to which a last known address of the person entitled thereto is shown on the books and records of the defendant, Western Union Telegraph Co., is subject to escheat or custodial taking only by the State of that last known address, as shown on the books and records of defendant, Western Union Telegraph Co., to the extent of that State's power under its own laws, to escheat or take custodially.

2. Each item of property in question in this case as to which there is no address of the person entitled thereto shown on the books and records of defendant Western Union Telegraph Co. is subject to escheat or custodial taking only by New York, the State in which Western Union Telegraph Co. was incorporated, to the extent of New York's power under its own laws to escheat or take custodially, subject to the right of any other State to recover such property from New York upon proof that the last known address of the creditor was within that other State's borders.

3. Each item of property in question in this case as to which the last known address of the person entitled thereto as shown on the books and records of defendant Western Union Telegraph Co. is in a State the laws of which do not provide for the escheat of such property, is subject to escheat or custodial taking only by New York, the State in which Western Union Tele-

graph Co. was incorporated, to the extent of New York's power under its own laws to escheat or to take custodially, subject to the right of the State of the last known address to recover the property from New York if and when the law of the State of the last known address makes provisions for escheat or custodial taking of such property.